1  Elizabeth C. Gianola, Esq. SBN#142522
   HORAN, LLOYD LAW OFFICES
2  499 Van Buren St., P.O. Box 3350
   Monterey, CA  93942-3350
3  Tel:    (831) 373-4131
4  Fax:    (831) 373-8302

5  Attorneys for Defendants and Cross-claimants
   THE LOAN EXPERTS CORPORATION dba
6  ALL AMERICAN FINANCE and HORMOZ NAZARI

7
8                           UNITED STATES DISTRICT COURT
9                           NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| FLAGSTAR BANK, FSB, a Federally Chartered Savings Bank, | Case No. 10-cv-03190-CRB |
| Plaintiff, | **CROSS-CLAIM OF THE LOAN EXPERTS CORPORATION, a California corporation dba ALL AMERICAN FINANCE AND HORMOZ NAZARI** |
| v. | |
| THE LOAN EXPERTS CORPORATION d/b/a ALL AMERICAN FINANCE, a California corporation, HORMOZ NAZARI, an individual, ELIZABETH CORTEZ PADILLA, an individual, 1350 ESCONDIDO COASTAL, LLC, a California limited liability company, WESTLAKE COASTAL, LLC, a California limited liability company, VCH-SALINAS 1, LLC, a California limited liability company, ALLSTAR APPRAISALS, INC., a California corporation, JAMES MAY, an individual, STEWART TITLE OF CALIFORNIA, a California corporation, | Judge: Hon. Charles R. Breyer |
| | Date Comp. Filed:    Michigan: 1/26/2010 |
| | USDC/SF: 7/21/2010 |
| | Trial Date: TBA |
| Defendants. | |

**CROSS-COMPLAINT - 1**

|   |   |
|---|---|
| THE LOAN EXPERTS CORPORATION d/b/a ALL AMERICAN FINANCE, a California corporation, and HORMOZ NAZARI, an individual, | ) ) ) ) ) |
| Cross-Claimants, | ) ) |
| v. | ) ) |
| ALLSTAR APPRAISALS, INC., a California corporation; JAMES MAY, an individual; JAMES MCCONVILLE, an individual; STEWART TITLE OF CALIFORNIA, a California corporation; DONNA DEMELLO, an individual, and ROES 1-50, inclusive, | ) ) ) ) ) ) ) |
| Cross-Defendants. | ) ) |

Cross-claimants Hormoz Nazari and The Loan Experts Corporation, a California corporation dba All American Finance allege as follows:

## GENERAL ALLEGATIONS

1. Cross-claimant Hormoz Nazari, an individual is, and at all times herein mentioned was, a resident of Saratoga, California.

2. Cross-claimant The Loan Experts Corporation, a California corporation dba All American Finance ("The Loan Experts"), is, and at all times herein mentioned was, a California corporation with its principal place of business in Saratoga, California.

3. Cross-defendant Allstar Appraisals ("Allstar") is, and at all times herein mentioned was, a corporation, duly licensed and operating in the state of California, with its principal place of business in Spring Valley, California.

4. Cross-defendant James May, an individual, is, and at all times herein mentioned was, a resident of San Diego, California and an employee of Cross-defendant All Star.

5. Cross-defendant James McConville, an individual, is, and at all times herein mentioned was, a resident of California.

6. Cross-defendant Stewart Title of California ("Stewart Title") is, and at all times herein mentioned was, a corporation, duly licensed and operating in the state of California, with its principal place of business in Milpitas, California.

7. Cross-defendant Donna Demello, an individual, is, and at all times herein mentioned was, a resident of Alameda County, California and an employee of Cross-defendant Stewart Title.

8. Cross-claimants are ignorant of the true names and capacities of cross-defendants sued herein as Roes 1 through 50, inclusive, and, therefore, sue these cross-defendants by such fictitious names. Cross-claimants will amend this complaint to allege their true names and capacities when ascertained. Cross-claimants are informed and believe, and thereon allege, that each of the fictitiously named Cross-defendants is responsible in some manner for the occurrences herein alleged, and that Cross-claimants' damages as herein alleged were proximately caused by those Cross-defendants. Each reference in this Cross-complaint to "Cross-defendant," "Cross-defendants," or a specifically named Cross-defendant refers also to all Cross-defendants sued under fictitious names.

9. Jurisdiction is proper because the claims in this pleading form part of the same case or controversy as the original complaint over which the Court has original jurisdiction and, therefore, falls within the supplemental jurisdiction of the Court under section 1367 of Title 28 of the United States Code. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because Cross-defendants committed each of the wrongful acts alleged herein within this judicial district.

## COUNT I – DECLARATORY RELIEF RE: COMPARATIVE INDEMNITY
### (ALL CROSS-DEFENDANTS)

10. Cross-claimants incorporate by reference and reallege as though fully set forth herein the allegations of paragraphs 1 through 9 above.

11. On or about January 26, 2010, Plaintiff filed the complaint herein against Cross-claimants seeking damages that Plaintiff allegedly sustained as a result of Cross-claimants' alleged fraud, negligence, breach of contract, negligent misrepresentation, civil conspiracy, unjust enrichment, breach of professional duties, and breach of guaranty.

     12.     If Plaintiff sustained damages as alleged in the complaint, these damages were caused, entirely or in part, by Cross-defendants as set forth herein.

     13.     At the time and place alleged in Plaintiff's complaint, Cross-claimant The Loan Experts made loans in reliance upon various representations made by Cross-defendants for certain of the loans subject of the complaint filed in this action by Plaintiff, including, but not limited to, representations about or intentional actions taken to avoid disclosure of the creditworthiness of the respective borrowers, the nature and terms of the loan transactions and escrow transactions, the origin of funds, and the value of the properties used as security for the loans. Plaintiff alleges in its complaint that certain of these representations were false.

     14.     In reliance upon these misrepresentations or omissions, Cross-claimant The Loan Experts loaned funds to the respective borrowers and sold those loans to Plaintiff, thereby causing Plaintiff's injuries as alleged in the complaint if Plaintiff has, in fact, been so injured. Cross-claimant Nazari executed a Continuing Guaranty which Plaintiff alleges guarantees the loans subject of the Complaint.

     15.     An actual controversy has arisen and now exists between Cross-claimants and Cross-defendants in that Cross-claimants contend, and Cross-defendants deny, the following:

         a.     That, as between Cross-claimants and Cross-defendants, responsibility, if any, for the damages claimed by Plaintiff herein rests entirely or partially on Cross-defendants; and

         b.     That, as a result, Cross-defendants are obligated to partially or fully indemnify Cross-claimants for any sums that Cross-claimants may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-claimants.

     16.     Cross-claimants desire a judicial determination of the respective rights and duties of Cross-claimants and each Cross-defendant with respect to the damages claimed in the complaint of Plaintiff herein. In particular, Cross-claimants desire a declaration of the comparative liability of Cross-claimants and Cross-defendants for these damages and a declaration of each Cross-defendant's responsibility for comparative indemnity to Cross-

claimants for any sums that Cross-claimants may be compelled to pay and for which Cross-defendants are determined responsible, entirely or in part.

17. Such a declaration is necessary and appropriate at this time in order that Cross-claimants may ascertain their rights and duties with respect to Plaintiff's claim for damages. Furthermore, the claim of Plaintiff and the claim of Cross-claimants arise out of the same transaction, and determination of both in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if Cross-claimants are required now to defend against the claim of Plaintiff and then bring a separate action against Cross-defendants for indemnification of sums that Cross-claimants may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-claimants .

WHEREFORE, Cross-claimants pray for judgment as set forth below.

## COUNT II – DECLARATORY RELIEF RE: EQUITABLE CONTRACTUAL INDEMNITY

**(THE LOAN EXPERTS AGAINST STEWART TITLE)**

18. Cross-claimant The Loan Experts incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 14 above.

19. In 2007 and 2008, The Loan Experts entered into a contract whereby Stewart Title received compensation to distribute The Loan Experts funds only if certain conditions were fulfilled.

20. Stewart Title distributed The Loan Experts funds without ensuring that the conditions were met and by misrepresenting to The Loan Experts that certain conditions had been met.

21. As a result of Stewart Title's failure to act as contracted and its intentional misrepresentations, the Loan Experts loaned funds they would have not otherwise loaned and sold the loans to Plaintiff in this action.

22. Plaintiff in this action alleges that the loans The Loan Experts sold to Plaintiff have defaulted and that it has received demands for repurchase of the loans from the Federal National Mortgage Association and/or were forced to write off loans.

23. On or about January 26, 2010, Plaintiff filed the complaint herein against The Loan Experts seeking damages that Plaintiff allegedly sustained as a result of The Loan Experts' alleged breach of contract, negligence, negligent misrepresentation, unjust enrichment, fraud, civil conspiracy, and negligence/breach of professional duties.

24. Stewart Title's actions damaged Plaintiff, if in fact, Plaintiff was damaged.

25. An actual controversy has arisen and now exists between The Loan Experts and Stewart Title in that The Loan Experts contends and Stewart Title denies the following:

    a. That any damages Plaintiff may sustain were caused primarily and ultimately by Stewart Title's breach of contract; and

    b. That, as a result, Stewart title is obligated to indemnify The Loan Experts for any sums that The Loan Experts may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against The Loan Experts.

26. Cross-claimant The Loan Experts desires a judicial determination and a declaration of Stewart Title's liability for these damages and a declaration that Stewart Title indemnify The Loan Experts for any sums that The Loan Experts may be compelled to pay and for which Stewart Title is determined responsible, entirely or in part.

27. Such a declaration is necessary and appropriate at this time in order that The Loan Experts may ascertain its rights and duties with respect to Plaintiff's claim for damages. Furthermore, the claim of Plaintiff and the claim of The Loan Experts arise out of the same transaction, and determination of both in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if The Loan Experts is required now to defend against the claim of Plaintiff and then bring a separate action against Stewart Title for indemnification of sums that The Loan Experts may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against The Loan Experts.

WHEREFORE, Cross-claimant The Loan Experts prays for judgment as set forth below.

## COUNT III – DECLARATORY RELIEF RE: EXPRESS INDEMNITY

## (THE LOAN EXPERTS AGAINST ROES 1 THROUGH 50)

28. Cross-claimant The Loan Experts incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 14 above.

29. The Loan Experts entered into Broker Agreements with Roes 1 through 50, brokers ("Brokers"). Once The Loan Experts discovers which of the 22 loans referenced in the complaint Plaintiff is alleging resulted in damages to Plaintiff, The Loan Experts will then name those Brokers as Cross-defendants.

30. Pursuant to the terms of these Broker Agreements, The Loan Experts funded certain of the Brokers' mortgage loans.

31. In accordance with the terms of the Broker Agreements, the Brokers represented and warranted that the information presented in the documents submitted to The Loan Experts to obtain the mortgage loans was true, correct, and complete, along with other warranties. Plaintiff alleges in its complaint that certain of the information presented was false.

32. The Broker Agreements contain a provision which provides that the Brokers will indemnify The Loan Experts from and against any losses, damages, forfeitures, legal fees and costs resulting from (a) a breach of any representation or warranty of Broker contained in this Agreement or (b) any act or omission of Broker or any of its partners, directors, members, shareholders, officers, agents, or employees in originating any Mortgage Loan, including, without limitation, incomplete or erroneous loan documentation, fraud by Broker in the origination of the Mortgage Loan, or violation of applicable law or regulation.

33. On or about January 26, 2010, Plaintiff filed the complaint herein against The Loan Experts seeking damages that Plaintiff allegedly sustained as a result of The Loan Experts' alleged breach of contract, negligence, negligent misrepresentation, unjust enrichment, fraud, civil conspiracy, and negligence/breach of professional duties.

34. The Loans Experts has performed all the conditions and obligations to be performed on its part under the Broker Agreements with Brokers.

35. The Brokers actions damaged Plaintiff, if in fact, Plaintiff was damaged.

36. An actual controversy has arisen and now exists between The Loan Experts and the Brokers in that The Loan Experts contends and the Brokers deny the following:

    a. That the Brokers breached warranties in the Broker Agreements and/or committed fraud in the origination of the loans;

    b. The Broker Agreements provide that in the case of the aforementioned breaches, Brokers are to indemnify The Loan Experts for all any losses, damages, forfeitures, legal fees, and costs resulting therefrom;

    c. That, as a result, the Brokers are obligated to indemnify The Loan Experts for any sums that The Loan Experts may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against The Loan Experts related to the loans made pursuant to the Broker Agreements.

37. Cross-claimant The Loan Experts desires a judicial determination and a declaration that the Brokers are to indemnify The Loan Experts for any sums that The Loan Experts may be compelled to pay related to the loans made pursuant to the Broker Agreements.

38. Such a declaration is necessary and appropriate at this time in order that The Loan Experts may ascertain its rights and duties with respect to Plaintiff's claim for damages. Furthermore, the claim of Plaintiff and the claim of The Loan Experts arise out of the same transaction, and determination of both in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if The Loan Experts is required now to defend against the claim of Plaintiff and then bring a separate action against the Brokers for indemnification of sums that The Loan Experts may be compelled to pay as the result of any damages, judgment, or other awards recovered by Plaintiff against The Loan Experts.

WHEREFORE, Cross-claimant The Loan Experts prays for judgment as set forth below.

**CROSS-COMPLAINT - 8**

## COUNT IV – FRAUD

## (ALL DEFENDANTS)

39. Cross-claimant The Loan Experts incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 14 and 19 through 22 above.

40. Cross-Defendants made their misrepresentations with the intent to induce The Loan Experts to loan funds.

41. Had The Loan Experts known Cross-defendants' true intentions, The Loan Experts would never have loaned the funds or sold the loans.

42. As a proximate result of Cross-defendants' misrepresentations, The Loan Experts has been damaged in an amount to be proven at trial.

43. The aforementioned acts of Cross-defendants, and each of them, were despicable, malicious, willful, and fraudulent. The Loan Experts is, therefore, entitled to punitive damages.

WHEREFORE, Cross-claimant The Loan Experts prays for judgment as set forth below.

## COUNT V – NEGLIGENT MISREPRESENTATION

## (ALL DEFENDANTS)

44. Cross-claimant The Loan Experts incorporates by reference and realleges as though fully set forth herein the allegations of paragraphs 1 through 14 and 19 through 22 above.

45. Cross-defendants had no reasonable ground for making their representations. They made the representations and withheld the information with the intent to induce The Loan Experts to pay money and part with property.

46. Had The Loan Experts known Cross-defendants' representations were false, The Loan Experts would never have loaned the funds or sold the loans.

47. As a proximate result of Cross-defendants' misrepresentations, The Loan Experts have been damaged in an amount to be proven at trial.

**WHEREFORE**, Cross-claimants pray for judgment as set forth below.

<u>COUNT I</u>:

1. For a judicial determination of the comparative fault of Cross-claimants and Cross-defendants for the damages claimed by Plaintiff, if any are found to exist;

2. For a declaration of the amount that Cross-defendants are obligated, jointly and severally, to indemnify Cross-claimants , if Cross-claimants are compelled to pay any sum as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-claimants ;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

<u>COUNT II</u>:

1. For a judicial determination that Stewart Title is obligated to indemnify Cross-claimant The Loan Experts for the damages claimed by Plaintiff, if any are found to exist;

2. For a declaration of the amount that Stewart Title is obligated to indemnify Cross-claimant The Loan Experts, if Cross-claimant The Loan Experts is compelled to pay any sum as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-claimant The Loan Experts;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

<u>COUNT III</u>:

1. For a judicial determination that the Brokers are obligated to indemnify Cross-claimant The Loan Experts for the damages claimed by Plaintiff, if any are found to exist, plus attorneys' fees and costs;

2. For a declaration of the amount that the Brokers are obligated to indemnify Cross-claimant The Loan Experts, if Cross-claimant The Loan Experts is compelled to pay any sum as the result of any damages, judgment, or other awards recovered by Plaintiff against Cross-claimant The Loan Experts;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

<u>COUNT IV</u>:

1. For compensatory and consequential damages in an amount to be proven at trial;

2. For an award of punitive damages;

3. For an award of interest, including prejudgment interest, at the legal rate;

4. For costs of suit herein incurred; and

5. For such other and further relief as the court may deem proper.

<u>COUNT V</u>:

1. For compensatory and consequential damages in an amount to be proven at trial;

2. For an award of interest, including prejudgment interest, at the legal rate;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

Dated: August 27, 2010                HORAN LLOYD LAW OFFICES


By:   */s/ Elizabeth C. Gianola*
      Elizabeth C. Gianola
      Attorneys for Defendants and Cross-claimants THE LOAN EXPERTS CORPORATION dba ALL AMERICAN FINANCE and HORMOZ NAZARI

CERTIFICATE OF SERVICE

I, Sarah Welsh, hereby certify and say that I am employed by the law firm of HORAN, LLOYD LAW OFFICES and that on the 27th day of August, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF e-filing system which will send notification of such filing to the following:

| | |
|---|---|
| Rachel E. Meny<br>Jennifer A. Huber<br>Sarah B. Faulkner<br>Keker & Van Nest, LLP<br>710 Sansome Street<br>San Francisco, CA 94111-1704<br>Tel: (415) 391-5400<br>Fax: (415) 397-7188<br>Email: rmeny@kvn.com<br>       jhuber@kvn.com<br>       sfaulkner@kvn.com | Madeleine R. Szymanski<br>Vincent C. Rabaut<br>Rutledge, Manion, Rabaut, Terry & Thomas, P.C.<br>Fort Washington Plaza<br>333 W. Fort Street, Suite 1600<br>Detroit, MI 48226<br>Tel: (313) 965-6100<br>Fax: (313) 965-6558<br>Email: mszymanski@rmrtt.com<br>       vrabaut@rmrtt.com |
| Donald A. English<br>Jeffrey E. Flynn<br>English & Gloven<br>A Professional Corporation<br>550 West C Street, Suite 1800<br>San Diego, CA 92101<br>Tel: (619) 338-6610<br>Fax: (619) 338-6657<br>Email: dae@englishapc.com<br>       jef@englishapc.com | Candie Y. Chang<br>Robert G. Garrett<br>Garrett & Tully<br>225 S. Lake Avenue, Suite 1400<br>Pasadena, CA 91101<br>Tel: (626) 577-9500<br>Fax: (626) 577-0813<br>Email: cchang@garrett-tully.com<br>       elopez@garrett-tully.com |
| Richard E. Segal<br>Richard E. Segal & Associates, P.C.<br>6230 Orchard Lake Road, Suite 294<br>West Bloomfield, MI 48322-2394<br>Tel: (248) 855-4880<br>Fax: (248) 855-4752<br>Email: rsegalatty@aol.com | Richard A. Sundquist<br>Clark Hill (Detroit)<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI 48226-3435<br>Tel: (313) 965-8300<br>Email: rsundquist@clarkhill.com |

I declare that the statements above are true to the best of my information, knowledge and belief.

            /s/ Sarah Welsh
            Sarah Welsh
            swelsh@horanlegal.com