United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11   FLAGSTAR BANK,                          No. C-10-03190 CRB (DMR)

12              Plaintiff,                    **NOTICE OF REFERENCE AND ORDER
                                             RE DISCOVERY PROCEDURES**
13        v.

14   LOAN EXPERTS, et al.,

15              Defendants.
     _____/
16

17   TO ALL PARTIES AND COUNSEL OF RECORD:

18        The above matter has been referred to Magistrate Judge Donna M. Ryu for resolution of

19   Defendant Stewart Title of California, Inc.'s Motion to Dismiss Cross-Claim of the Loan Experts

20   Corporation and Hormoz Nazari ("Motion to Dismiss," Docket No. 149), as well as all further

21   discovery.  The Motion to Dismiss was noticed for hearing on April 13, 2012.

22        The court **VACATES** the current hearing date on Defendant's Motion to Dismiss and

23   **DENIES** the Motion to Dismiss without prejudice.  Any joint letter regarding the instant discovery

24   dispute (*see* section below entitled "Resolution of Discovery Disputes") shall be filed no later than

25   **March 16, 2012.**  The court emphasizes that the Federal Rules of Civil Procedure, as well as the

26   Northern District of California's Local Rules, require the parties to meet and confer to try to resolve

27   their disagreements.

28

**United States District Court**
For the Northern District of California

1    Parties shall comply with the procedures in this order, the Federal Rules of Civil Procedure,

2    and the Northern District of California's Local Rules, General Orders, and General Standing Orders.

3    Local rules, general orders, general standing orders, and a summary of the general orders' electronic

4    filing requirements (including the procedures for emailing proposed orders to chambers) are

5    available at http://www.cand.uscourts.gov.  The parties' failure to comply with any of the rules or

6    orders may be a ground for sanctions.

7                              **RESOLUTION OF DISCOVERY DISPUTES**

8    In order to respond to discovery disputes in a flexible, cost-effective and efficient manner,

9    the court uses the following procedure.  The parties shall not file formal discovery motions.  Instead,

10   as required by the federal and local rules, the parties shall first meet and confer to try to resolve their

11   disagreements.  The meet and confer session must be ***in person or by telephone,*** and may not be

12   conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter no

13   later than five (5) business days after the meet and confer session.  **Lead trial counsel for both**

14   **parties must sign the letter**, which shall include an attestation that the parties met and conferred in

15   person or by telephone regarding all issues prior to filing the letter.  Going issue-by-issue, the joint

16   letter shall describe each unresolved issue, summarize each party's position with appropriate legal

17   authority; and provide each party's final proposed compromise before moving to the next issue.  The

18   joint letter shall not exceed ten (10) pages without leave of court.  In the rare instance that a joint

19   letter is not possible, each side may submit a letter not to exceed four (4) pages, which shall include

20   an explanation of why a joint letter was not possible.  When appropriate, the parties may submit one

21   exhibit to the letter that sets forth each discovery request at issue in full, followed immediately by

22   the objections and/or responses thereto.  No other information shall be included in any such exhibit.

23   No other exhibits shall be submitted without prior approval by the court.  The court will review the

24   submission(s) and determine whether formal briefing or proceedings are necessary.

25   In emergencies during discovery events (such as depositions), any party may, after

26   exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil

27   L.R. 37-1(b) by contacting the court through the courtroom deputy.  If the court is unavailable, the

28   discovery event shall proceed with objections noted for the record.

**United States District Court**
For the Northern District of California

1    In the event that a discovery hearing is ordered, the court has found that it is often efficient

2    and beneficial for the parties if counsel appear ***in person***.  This provides the opportunity, where

3    appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining

4    available to rule on any disputes that counsel are not able to resolve.  For this reason, the court

5    expects counsel to appear in person.  Permission for a party to attend by telephone may be granted,

6    in the court's discretion, upon written request made at least two weeks in advance of the hearing if

7    the court determines that good cause exists to excuse personal attendance, and that personal

8    attendance is not needed in order to have an effective discovery hearing.  The facts establishing good

9    cause must be set forth in the request.

10   **CHAMBERS COPIES AND PROPOSED ORDERS**

11   All filings relating to a discovery dispute referred to Magistrate Judge Ryu shall list the civil

12   case number and the district court judge's initials followed by the designation "(DMR)."

13   Under Civil L.R. 5-1(b), parties must lodge an extra paper copy of any filing and mark it as a

14   copy for "Chambers."  Please three-hole punch the chambers copy and submit it to the Oakland

15   Clerk's Office.  In a case subject to electronic filing, chambers copies must be submitted by the

16   close of the next court day following the day the papers are filed electronically.  Any proposed

17   stipulation or proposed order in a case subject to electronic filing shall be submitted by email to

18   dmrpo@cand.uscourts.gov as a word processing format attachment on the same day that the

19   document is e-filed.  This address should only be used for this stated purpose unless otherwise

20   directed by the court.

21   **PRIVILEGE LOGS**

22   If a party withholds information that is responsive to a discovery request by claiming that it

23   is privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and provide a

24   privilege log that is sufficiently detailed and informative for the opposing part(ies) to assess whether

25   a document's designation as privileged is justified.  *See* Fed.R.Civ.P. 26(b)(5).  The privilege log

26   shall set forth the privilege relied upon and specify separately for each document or for each

27   category of similarly situated documents:

28

**United States District Court**
For the Northern District of California

1    a.    The title and description of the document, including number of pages or Bates-

2          number range;

3    b.    The subject matter addressed in the document;

4    c.    The identity and position of its author(s);

5    d.    The identity and position of all addressees and recipients;

6    e.    The date the document was prepared and, if different, the date(s) on which it was sent

7          to or shared with persons other than its author(s); and

8    f.    The specific basis for the claim that the document is privileged or protected.

9    Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

10         IT IS SO ORDERED.

11

12   Dated:  March 9, 2012

13

14                                        DONNA M. RYU
                                          United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

