United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FLAGSTAR BANK,

    Plaintiff,

v.

LOAN EXPERTS, et al.,

    Defendants.

    /

No. C 10-03190 CRB

**ORDER DENYING MOTION FOR LEAVE TO AMEND CROSS-CLAIM**

On August 27, 2010, The Loan Experts filed a Cross-Claim against Stewart Title. See dkt. 56. On July 9, 2012, Stewart Title moved for summary judgment on the Cross-Claim. See dkt. 166. The Court held a hearing on that Motion on September 28, 2012, see dkt. 214, and filed an Order granting the Motion as well as a Judgment in Stewart Title's favor on October 10, 2012, see dkts. 218, 219.

In between the hearing and when the Court filed its Order and Judgment, The Loan Experts filed a Motion for Leave to Amend the Cross-Claim, see dkt. 215, as well as a letter asking the Court to consider the Motion "as part of the Court's ongoing consideration of Stewart Title's Summary Judgment motion," see dkt. 216 at 2. The Court also received a letter from counsel for Stewart Title, objecting to the letter and "untimely motion." See dkt. 217.

The Federal Rules of Civil Procedure provide that a court should freely give leave to

amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  A court nevertheless has discretion to deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court finds that The Loan Experts unduly delayed in bringing its Motion, and that allowing amendment at this point would unduly prejudice Stewart Title.  Of course, it makes sense that a party would seek to amend its pleading to include additional bases for recovery after sitting in a summary judgment hearing and learning of the Court's "tentative conclusions" in favor of the other side.  See dkt. 215 at 1.  But allowing such amendment would be highly unfair to the other side, which in this case litigated for two years (and briefed and argued a motion for summary judgment) based on the original pleading.  Justice does not require that The Loan Experts be allowed to amend.  Especially as the Court has now granted summary judgment for Stewart Title, the time for amendment has passed.  The Motion for Leave to Amend is therefore DENIED.

**IT IS SO ORDERED.**

Dated: October 10, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE