IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAGSTAR BANK,<br><br>    Plaintiff,<br><br>v.<br><br>THE LOAN EXPERTS, et al.,<br><br>    Defendants.<br> _____ / | No. C 10-03190 CRB<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND** |

    Cross-Claimants The Loan Experts Corporation and Hormoz Nazari move the Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). See Mot. (dkt. 224). The Court finds this matter suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b), DENIES the Motion, and VACATES the hearing currently set for December 7, 2012.

    Pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend judgment may be granted if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The rule "may not be used to relitigate old matters, or raise arguments or present

evidence that could have been raised prior to entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted).

Cross-Claimants argue that the Court committed clear error in (1) ruling that California Code of Civil Procedure 1021.6 was unavailable; (2) finding that the Cross-Claim failed to seek attorneys' fees for the indemnity claims; and (3) failing to consider that Cross-Claimants might be entitled to attorneys' fees as damages for the fraud claims. See generally Mot. The Court disagrees.

First, the Court continues to find that Cross-Claimants misread Section 1021.6, which requires that (a) the indemnitee be required to act through the tort of the indemnitor; (b) the indemnitor was properly notified of the demand to bring the action; and (c) the trier of fact determined that the indemnitee was without fault in the principal case. As the Court held in its Order Granting Summary Judgment, The Loan Experts "does not meet all of the requirements of Section 1021.6." See Order (dkt. 218) at 10. No trier of fact determined anything in the principal case, because that case was dismissed without any findings of fault or lack of fault. See id. Nor is the Court aware of any evidence that Cross-Claimants properly notified the indemnitor.

Second, as the Court held in its Order, the language in the Cross-Claim "make[s] clear that The Loan Experts did not seek to recover any sums it ever spent in connection with the case, but only the money that Flagstar recovered from it." See id. at 9. Cross-Claimants' argument that the Court should have considered a reference in Nazari's declaration to Stewart Title having been provided with his bills, see Mot. at 10 ("the intent was clear"), is both untimely and fails to raise a genuine issue of material fact as to whether the Cross-Claim sought attorneys' fees for the indemnity claims.

Third, Cross-Claimants' argument that "the fraud caused damage which included the attorneys' fees," see id. at 12, is particularly unreasonable. Cross-Claimants could have made this argument in opposing summary judgment, and never did. See Exxon Shipping Co., 554 U.S. at 485 n.1. There was therefore no basis for the Court to consider the attorneys' fees as damages for the fraud. In addition, as Stewart Title points out in its

2

opposition, this argument also fails because the fraud claims were brought only by The Loan Experts, while it was Nazari who paid the attorneys' fees. See Opp'n (dkt. 225) at 14.

Because Cross-Claimants fail to demonstrate that the Court committed clear error, the Court DENIES the Motion.

**IT IS SO ORDERED.**

Dated: November 19, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE